IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID C. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-07284 |
| ) | |
| THE JOLIET POLICE DEPARTMENT, ) | |
| THE CITY OF JOLIET, AL ROECHNER, ) | Honorable Thomas M. Durkin |
| JOSEPH ROSADO, JOHN PERONA, ) | |
| ED CLARK, JASON OPIOLA, AND ) | |
| FRANK BALOY, ) | Jury Trial Demand |
| ) | |
| Defendants. ) | |

**CITY OF JOLIET, AL ROECHNER, JOSEPH ROSADO, AND JOHN PERONA'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants City of Joliet ("City"), Al Roechner ("Roechner"), Joseph Rosado ("Rosado") and John Perona ("Perona") move to partially dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1. As explained in further detail in the Defendants' accompanying Memorandum of Law, various aspects of Plaintiff's First Amended Complaint do not state valid causes of action upon which relief can be granted.

2. Rosado and Perona must be dismissed from Count I, because they enjoy qualified immunity from Plaintiff's Section 1983 claim.

3. Count III of Plaintiff's Complaint should be dismissed in its entirety because Plaintiff has failed to allege he exhausted his administrative remedies. Specifically, Plaintiff nowhere alleges that the U.S. Equal Employment Opportunity Commission issued him a Notice of Right to Sue, which is a statutory prerequisite for a Title VII lawsuit. Alternatively, the "disparate impact" allegation found in Count III, Pl's Cmplt. ¶¶ 195-96, must be dismissed,

because it was not alleged or otherwise contained in Plaintiff's underlying charge of discrimination.

4. Rosado and Perona must be dismissed from Count IV, because Plaintiff has failed to allege that Rosado and Perona subjected Plaintiff to adverse actions within the meaning of 42 U.S.C. § 1981.

5. Perona must be dismissed from Count V, because Plaintiff has failed to allege that Perona engaged in "extreme and outrageous" conduct, which is a necessary element for the common law tort of intentional infliction of emotional distress.

6. The City, Roechner, Rosado and Perona must all be dismissed from Count VI, because Plaintiff has failed to allege that they: (a) literally detained Plaintiff for false arrest/false imprisonment purposes; (b) were the "sole source" of information that led to Plaintiff's arrest; and/or (c) requested that Plaintiff be arrested.

7. The City, Roechner, Rosado and Perona must all be dismissed from Count VII, because Plaintiff has failed to allege that they were responsible for the "commencement or continuance" of Plaintiff's criminal prosecution.

8. The punitive damage allegations against the City in Counts V, VI and VII, must be dismissed, because Illinois municipalities are not subject to punitive damages under Section 2-102 of the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"). 745 Ill. Comp. Stat. 10/2-102

WHEREFORE, for the reasons discussed above and in the Defendants' accompanying Memorandum of Law, the Court should dismiss:

(1) Defendants Rosado and Perona from Count I

(2) Count III against the City;

    (3) Defendants Rosado and Perona from Count IV;

    (4) Defendant Perona from Count V;

    (5) the City, Roechner, Rosado and Perona from Count VI; and (7) the City, Roechner, Rosado and Perona from Count VII; and

    (6) the punitive damage requests against the City in Counts V, VI and VII.

Respectfully submitted,

CITY OF JOLIET, AL ROECHNER, JOSEPH ROSADO and JOHN PERONA

By: /s/ James J. Powers

One of Its Attorneys

**DATED: February 20, 2020**

James. J. Powers ARDC No. 6256540
Kelly A. Coyle ARDC No. 6312591
CLARK BAIRD SMITH LLP
6133 North River Road, Suite 1120
Rosemont, Illinois 60018
Telephone: (847) 378-7700
jpowers@cbslawyers.com
kcoyle@cbslawyers.com

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that he provided service of the foregoing CITY OF JOLIET, AL ROECHNER, JOSEPH ROSADO, AND JOHN PERONA'S RULE 12(b)(6) PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT to the counsel of record listed below by filing the same with the Northern District of Illinois' CM/ECF electronic filing system on this 20th day of February, 2020:

        Michael J. Marovich
        Hiskes, Dillner, O'Donnell,
        Marovich & Lapp, Ltd.
        10759 W. 159th St.
        Ste. 201
        Orland Park, IL 60467

        Stacey Vucko
        Vucko Law LLP
        2208 Midwest Road
        Suite 104
        Oak Brook, Illinois 60523

        Michael R. Stiff
        Jeff Taylor
        Spesia & Taylor
        1415 Black Road
        Joliet, Illinois 60435

        By: /s/  James J. Powers_____