IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David C. Jackson, <br><br> Plaintiff, <br><br> v. <br><br> The City of Joliet and Al Roechner, Joseph Rosado, John Perona, Ed Clark, Jason Opiola, and Frank Baloy, each in his official and individual capacity, <br><br> Defendants. | No. 19 CV 7284 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM ORDER

Plaintiff's Motion to Compel the City of Joliet to Produce May 7, 2019 Executive Session Audio Recording [ECF No. 91] is granted in part and denied in part for the reasons set forth in this Order and discussed during the hearing on Plaintiff's Motion held yesterday, January 20, 2022 [ECF No. 113]. The transcript of that hearing is incorporated herein by reference.

For the reasons discussed on the record during yesterday's hearing, the Illinois Open Meetings Act ("OMA") privilege that exempts from discovery meetings of public bodies such as the Joliet City Council held in executive session, 5 ILCS 120/2.06(e), does not apply in this federal civil rights action. "The [OMA] privilege is a state law privilege not found in federal common law." *Breuder v. Board of Trustees of Community College District 502*, 2019 WL 3386988, *2 (N.D. Ill. 2019) (citing *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 451-51 (N.D. Ill. 2006)).

The federal common law of privilege requires a nuanced balancing of a plaintiff's need for the information being sought against the interest served by the OMA proscription against disclosure of matters discussed by public bodies in executive session. *Breuder,* 2019 WL 3386988, at *2–3. When a plaintiff's need for the material discussed in executive session outweighs the public body's interest in privacy, then the state law privilege gives way and the material must be produced to the plaintiff. *Id.*

The Court has read the entire transcript of the May 7, 2019 closed door session of the Joliet City Council, which it ordered Defendant City to produce for *in camera* inspection per the parties' suggestion. [ECF No. 106]. Based on that review, the Court finds, for the reasons discussed on the record, that most of the discussion during the City Council's executive session is not responsive to Plaintiff's Requests for Production ("RFPs") Nos. 4 and 15, which is the vehicle by which Plaintiff is seeking production of this material. *See* Plaintiff's Motion [ECF 91], at 2. More broadly, the Court also finds most of the discussion during the City Council's closed-door session also is not relevant to the claims and defenses in this case. To the extent that some portions of the City Council's discussion in executive session arguably might be tangentially relevant in an amorphous way to some of Plaintiff's claims broadly construed, such as his *Monell* claim, rather than directly responsive to Plaintiff's RFP Nos. 4 and 15 at issue here, the Court finds that Plaintiff's need for that material does not outweigh the interest of the members of a public body such as the Joliet City Council under the Illinois OMA in being permitted to speak frankly and candidly

2

about the administrative matters and issues of public concern that were discussed during the Council's executive session on May 7, 2019.

The Court finds, however, that the balance tips the other way – in Plaintiff's favor – in two instances. In these instances, Plaintiff's need for the information in his federal civil rights action outweighs the City's interest in preventing disclosure under the OMA. The first instance is Mayor O'Dekirk's reference during the executive session to former City of Joliet police officer Lionel Allen's lawsuit against the City for alleged discrimination. This reference appears in the transcript at page 32, line 10 (beginning with the words, "So I said") and continuing through page 32, line 16 (ending with the word "illegal"). That portion of the transcript is relevant and responsive to RFP No. 4. This reference to Mr. Allen's discrimination claim comes in the context of the City Council's discussion of Mr. Allen and Brian Nagra, another former City of Joliet police officer, that was addressed exhaustively during yesterday's hearing. This portion of the transcript together with the related portion of the audio tape of the executive session meeting should be produced to Plaintiff.

The second portion of the transcript and the related audio tape of the City Council's executive session that should be produced appears in the transcript at page 29, line 5 through page 29, line 19. This is a continuation of a discussion between City Council members and City attorney Christopher Regis that Defendant City already produced to Plaintiff via production of the related audio tape. The relevant portion of the transcript appears at page 28, line 11, through page 29, line 4. The remaining portion of the discussion (transcript page 29, line 5 through page 29, line 19) is being

3

withheld based on the OMA and the attorney client privilege. In the Court's view, neither shields this material from production.

As to the invocation of the OMA privilege, this portion of the City Council's discussion in executive session relates at least in part to the City's treatment of Plaintiff Jackson and is, therefore, responsive to RFP No. 15. It also arguably is responsive to RFP No. 4 to the extent alleged differences in the City's treatment of Plaintiff Jackson, a Joliet police detective, and police lieutenant Cardwell in similar situations can be said to constitute discrimination. As discussed during yesterday's hearing, Lieutenant Cardwell is alleged to be one of Plaintiff's comparators for purposes of his discrimination lawsuit. Plaintiff is African-American and Cardwell is Caucasian. So, Plaintiff's need for this information again outweighs the City's OMA privilege. The City also should produce the portion of the transcript that captures the discussion on the audio tape that, as noted above, was previously produced to Plaintiff, beginning at transcript page 28, line 11, and continuing through transcript page 29, line 4.

In addition, the attorney client privilege does not shield this material from disclosure. Although the speakers are a City Council member and the City's attorney, there is no legal advice being sought or received during this portion of the executive session meeting. Councilperson Quillman's statement is either a rhetorical question that required no response or a fact question about the City's or the police department's policy or practice concerning discipline of police officers. Mr. Regis's rejoinder either is nonresponsive or, if it is responsive, it does not communicate any

legal advice. It communicates non-legal facts or Mr. Regis's non-legal view of the matter being discussed. Given that the first part of this discussion (at transcript page 28, line 11, through transcript page 29, line 4), initiated by Councilperson Hug, already has been produced to Plaintiff, and neither the OMA nor the attorney client privilege prevent disclosure of the end of the discussion, the portion of the transcript at page 29, line 5 through page 29, line 19, and the related portion of audio tape also should be produced.

Finally, for the reasons discussed on the record during yesterday's hearing, the City has not properly invoked the deliberative process privilege for any of the City Council's discussions held during the executive session on May 7, 2019. The City has failed to make a prima facie case that the deliberative process privilege applies in this case. *See Bahena v. City of* Chicago, 2018 WL 205747 (N.D. Ill. 2018); *Holmes v. Hernandez*, 221 F. Supp. 3d 1011, 1016–17 (N.D. Ill. 2016). Therefore, the deliberative process privilege does not prevent disclosure of the portions of the City Council's discussion referenced above.

Accordingly, for these reasons and the reasons discussed on the record during yesterday's hearing, Plaintiff's Motion to Compel the City of Joliet to Produce May 7, 2019 Executive Session Audio Recording [ECF No. 91] is granted in part and denied in part. Other than as set forth in this Memorandum Order, Defendant City is not required to produce to Plaintiff the transcript or the audio tape of the Joliet City Council's executive session meeting held on May 7, 2019. The City shall produce the portions of the transcript and related portions of the audiotape of the executive

session meeting referenced in this Order by February 1, 2022, unless the City appeals or intends to appeal this Order to the assigned District Judge within 14 days of today's date in which case the Court will stay the requirement that the City produce the materials described herein until the appeal is resolved.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   January 21, 2022